ROBERT B. PONZIANO, ESQUIRE        Attorney for Plaintiff
Attorney I.D. #47627
One Greenwood Square
Suite 140
Bensalem, PA 19020
(215) 245-3501

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stephen Ficchi, D.O., PC/ : | |
| Innovative Healthcare Services : | JURY TRIAL DEMANDED |
| 3101 Bristol Road : | |
| Bensalem, PA 19020 : | |
|     vs. : | CIVIL ACTION |
| : | |
| General Casualty/Blue Ridge : | |
| Insurance Company : | NO: |
| 1 General Drive : | |
| Sun Prairie WI 53596 : | |

COMPLAINT

Stephen Ficchi, D.O., PC/ Innovative Healthcare Services, plaintiff submits the following cause of Complaint and aver as follows:

PARTIES AND JURISDICTION

1. Plaintiff, Stephen Ficchi, D.O., PC/ Innovative Healthcare Services, is a corporation, incorporated in the State of Pennsylvania, with its principle place of business at the address set forth above.

2. Defendant, General Casualty/Blue Ridge Insurance Company, is a corporation duly organized and existing, incorporated in the State of Wisconsin, which is licensed to issue polices of insurance in the Commonwealth of Pennsylvania with its principle place of business at the address set forth above.

3. This court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. 1332.

## COMMON ALLEGATIONS

1. Plaintiff, Stephen Ficchi, D.O., PC/Innovative Healthcare Services, is a corporation duly organized and existing which is a licensed medical facility in the County of Bucks, Commonwealth of Pennsylvania

2. Defendant, General Casualty/Blue Ridge Insurance Company (hereinafter Blue Ridge) is a corporation duly organized and existing which is licensed to issue policies of insurance in the Commonwealth of Pennsylvania.

3. Defendant, in its regular course of business, issued to plaintiff a policy of insurance (Policy #BO001500) covering plaintiff's business property located at 3101 Bristol Road, Bensalem, PA 19020. (See Declaration Page attached as Exhibit "A").

4. On or about September 12, 2000 whiles said policy was in full force and effect plaintiff suffered direct physical loss to the insured premises due to wind and rain resulting in damage to certain areas of the premises, as set forth in Exhibit "B").

5. Notice of this covered losses were given to the defendant in a prompt and timely manner and plaintiff has done and otherwise performed all things required of plaintiff under the policy of insurance.

6. On or about November 21, 2000, during the adjustment of the plaintiff's September 12, 2000 claim, the defendant requested certain documents from the plaintiff. (See letter of November 21, 2000 attached hereto as Exhibit "C").

7. On or about February 8, 2001, plaintiff provided all available requested documents (See letter attached as Exhibit "D").

8. On about February 27, 2001, defendant notified plaintiff that it received the documents from the plaintiff's public adjuster and that it was in the process of evaluating the claim. (See letter dated February 27, 2001 attached as Exhibit "E").

9. On or about March 21, 2001 defendant requested additional documents from the plaintiff. (See defendant's letter dated March 21, 2001 and defendant's follow up letter dated May 22, 2001 attached as Exhibit "F").

10. On or about June 5, 2001, plaintiff responded to defendant's March 21, 2001 request and provided all available documentation (See Metro letter dated June 5, 2001 attached as Exhibit "G").

11. On or about July 1, 2001, plaintiff suffered a second loss due to accidental water discharge resulting in damage to certain areas of the premises, including overlapping areas, as set forth in Exhibit "H").

12. On or about July 11, 2001, defendant denied the September 12, 2000 loss claiming the plaintiff did not provide the requested documents. (See July 11, 2001 denial letter attached as exhibit "I").

13. On or about August 2, 2001, defendant acknowledged the reporting of the July 1, 2001 loss and claimed it was waiting for documentation for this claim. (See letter dated August 2, 2001 attached as Exhibit "J").

14. On or about October 8, 2001, plaintiff's public adjuster responded to defendant's July 11, 2001 denial for the September 12, 2000 loss, reminding defendant that all available requested documents were previously submitted. (See letter dated October 8, 2001 attached as Exhibit " K").

15. On or about October 8, 2001, defendant responded to plaintiff's October 8, 2001 letter. (See letter dated October 8, 2001 attached as Exhibit "L").

16. On or about November 8, 2001, in furtherance of the July 1, 2001 claim, defendant requested the same documents that were requested for the September 12, 2000 claim. (See November 8, 2001 letter attached as Exhibit "M").

17. On or about November 29, 2001, plaintiff responded to defendants November 8, 2001 request, once again providing all available documentation. (See letter of November 29, 2001 attached as Exhibit "N").

18. On or about December 20, 2001, defendant replied to plaintiff's November 29, 2001 letter claiming it has not received all of the documents requested for the July 1, 2001 claim including "actual architectural plans" and copies of receipts or documentation of additions and alterations (See letter dated December 20, 2001 attached as Exhibit "O").

19. On December 28, 2001, defendant sent a letter stating it was still reviewing the documentation presented by the plaintiff's public adjuster. (See letter of December 28, 2001 attached as Exhibit "P").

20. On or about January 3, 2002 defendant sent another denial letter. (See letter of January 3, 2002 attached as Exhibit "Q"). No other correspondence has been received by plaintiff.

21. Solely as a result of defendant's failure and refusal to pay benefits to plaintiff as required under the aforesaid policy of insurance, plaintiff has suffered loss and damage in an amount in excess of $100,000.

COUNT I
BREACH OF CONTRACT

22. Plaintiff incorporates by reference herein the facts and allegations contained in paragraphs one (1) through twenty-one (21), inclusive, set forth above, as fully as though same were here set forth at length.

23. Defendant, Blue Ridge breached its contractual obligation to pay benefits to plaintiff for loss covered under defendant's policy of insurance.

**WHEREFORE,** plaintiff demand judgment against defendant General Property/Blue Ridge Insurance Company in an amount in excess of $100,000.00 together with interest, costs, counsel fees and damages for delay.

## COUNT II
## BAD FAITH

24. Plaintiffs incorporate by reference herein the facts and allegations contained in paragraphs one (1) through twenty-three (23), inclusive, set forth above, as fully as though same were here set forth at length.

25. Defendant has engaged in bad faith conduct towards plaintiff with respect to its refusal to cover the plaintiff's loss in violation of the 42 Pa.C.S.A. § 8371 et.seq.

26. In furtherance of its bad faith and wrongful denial and refusal to cover plaintiff's property and pay benefits for plaintiff otherwise covered loss, defendant, acting by and through its duly authorized agents, servants, workmen or employees has engaged in the following frivolous and unfounded conduct:

    a. Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

    b. Defendant refused to pay plaintiff claims without conducting a reasonable investigation based upon all available information;

    c. Defendant did not attempt in good faith to effectuate prompt, fair and equitable settlements of plaintiff claims in which the company's liability under the policy has become reasonably clear;

    d. Defendant denied the plaintiff's claims for failure to provide documents when it knew the plaintiff submitted all available documents within a reasonable time. See defendants denial letter of July 11, 2001 and January 3, 2002, Exhibit "H" and "Q", and letters from Public Adjuster dated June 5, 2001 and November 29, 2001 attached as Exhibit "G" and "N".

    e. Defendant placed arbitrary and unreasonable time limitations on plaintiff to supply documents and still denied plaintiff's claim even after the plaintiff provided all available documents. (See defendant's letter of March 21, 2001 and May 22, 2001 attached as exhibit "F" and also see Public Adjusters letters of June 5, 2001 and November 29, 2001 attached as Exhibit "G" and "N").

    f. Defendant lacked a reasonable basis and knew it lacked a reasonable basis to deny the plaintiff's claim for failure to supply receipts for alterations when it knew the plaintiff did not have the receipt's and knew that coverage was not dependent on providing the receipts and that the defendant was not prejudiced in its ability to adjust the loss due to plaintiff's failure to provide the receipts.

    g. Defendant violated Pa. Unfair Insurance Practices Act 40 P.S. § 1171.

27. The actions of defendant as averred in the complaint were committed in wanton, malicious and/or reckless disregard of the rights of plaintiff and without a reasonable basis, the lack of which reasonable basis defendant knew or recklessly disregarded, thereby justifying an award of consequential damages and punitive damages.

28. Solely as a result of defendant's bad faith misconduct as aforesaid, plaintiff has been required to obtain counsel to commence the present action to recover benefits due and owing under the policy of insurance issued by defendant.

WHEREFORE, plaintiff demands judgment for punitive damages, compensatory, consequential and incidental damage, attorney fees and costs and interest on plaintiff's claim, in an amount in excess of $100,000.

BY: _____
ROBERT B. PONZIANO, ESQ.
One Greenwood Sq.
Suite 140
Bensalem Pa 19020
Attorney for Plaintiff
Stephen Ficchi, D.O., PC/
Innovative Healthcare Services

DATE: _____